UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA GARCIA, *individually and on behalf* )
*of all other employees similarly situated* )
)
*Plaintiff*, )
)
-v- )
RAY'S SMOOTHIES INC., )
ANTONIO HERREROS and ANA )
VERGEL, individually, )
)
*Defendants.* )

[PROPOSED] DEFAULT JUDGMENT
Pursuant to FRCP 55(b)(2).
Garcia v. Ray's Smoothies Inc. et al

1:24-cv-02234-LGS

This action was commenced on March 25, 2025 (Docket # 1) Summons were issued for the individual defendant on March 26, 2024 (Docket # 4). Service was then made on the defendant on April 3, 2024 and April 15, 2025 (Dockets #6,7,8), and Defendants having failed to appear at the show-cause hearing on August 28, 2024, To date, no defendant has answered the Complaint or otherwise appeared or moved, and the Clerk of this Court has certified the default of all Defendants (Docket 54) The time for answering the Complaint having expired, it is:

NOW, on motion of Plaintiffs, by their attorney Stillman Legal PC., It is hereby ORDERED, ADJUDGED, AND DECREED:

That the Plaintiffs have judgment jointly and severally against the RAY'S SMOOTHIES INC., ANTONIO HERREROS and ANA VERGEL., in the total amount of ~~$133,121.00~~ an amount to be determined by Magistrate Judge Stewart D. Aaron in a damages inquest.

"[A] defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.* "In addition to the factual allegations of the complaint, a court may consider uncontroverted documentary evidence submitted with the motion for default judgment." *Leo v. Province Therapeutics, LLC*, No. 23 Civ. 5418, 2024 WL 456824, at *5 (E.D.N.Y. Feb. 6, 2024) (considering the complaint and declarations attached to default judgment motion).

Subject-matter jurisdiction is proper, as Plaintiff brings a claim under federal law. Personal jurisdiction is also proper over each Defendant under CPLR § 301. Supplemental jurisdiction is proper pursuant to 28 USC § 1367.

The Complaint adequately alleges an overtime claim under the Fair Labor Standards Act ("FLSA"). To state a FLSA claim, a plaintiff must first allege that: (1) she was the defendant's employee; (2) her work involved interstate activity; and (3) she worked hours for which he did not receive minimum and/or overtime wages. *Ortega v. Frozen Deli & Grocery Inc.*, No. 24 Civ. 1231, 2024 WL 4751732, at *5 (S.D.N.Y. Oct. 22, 2024), *report and recommendation adopted*, No. 24 Civ. 01231, 2024 WL 4859055 (S.D.N.Y. Nov. 21, 2024). Further, FLSA only applies if an employer engages in interstate commerce or does over $500k in yearly gross sales. 29 U.S.C. § 203 (s)(1)(A)(i); § 206(a); § 207(a)(1). To determine whether a defendant was an "employer" under FLSA, courts consider whether the alleged employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* The Complaint adequately alleges that Defendant was Plaintiff's employer, "relied heavily" on food products transported through interstate commerce and does over $500,000 in annual gross sales.

The Complaint adequately alleges a FLSA overtime claim. To state an overtime claim, a plaintiff must allege only that she worked "compensable overtime in a workweek longer than forty hours, and that she was not properly compensated for that overtime." *Burns v. Scott*, 635 F. Supp. 3d 258 (S.D.N.Y. 2022). The Complaint alleges that "Plaintiff worked six days per week, Monday to Saturday, Monday to Wednesday from 6:00 A.M. until 4:00 P.M., Thursday to Saturday from 6:00 A.M. until 3:00 P.M. For approximately fifty-seven (57) hours per week." The Complaint further alleges that Plaintiff never received a rate higher than $10/hour.

The Complaint fails to adequately allege a FLSA minimum wage claim. "For minimum-wage recovery under the FLSA, the pertinent question is whether the amount of compensation received by an employee results in a straight-time hourly rate that is less than the applicable federal minimum wage." *Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 242-43 (S.D.N.Y. 2015); *accord Van Duser v. Tozzer Ltd.*, No. 23 Civ. 9329, 2024 WL 4635495, at *2 (S.D.N.Y. Oct. 31, 2024). Plaintiff alleges she was paid $10/hour at the relevant time of employment from October 2021 to March 16, 2024. That rate was above the federal minimum wage of $7.25/hour.

The Complaint adequately alleges a claim under New York Labor Law ("NYLL") for failure to provide a wage notice. Plaintiff has standing to assert her NYLL wage notice claims. In Plaintiff's declaration attached to her default judgment motion, she states that Defendants were able "to take advantage of [her] relative lack of sophistication in wage and hour laws" by concealing her wage statements. She also states that, because of that concealment, she "had to forego[] the opportunity of renting a better apartment" and "do without necessities . . . like an automobile," which she states she would not have done "if [she] had known to demand [her] lawful pay." Such allegations are sufficient to show "actual injuries suffered as a result of the alleged . . . wage statement violations." *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024); *accord Castillo v. Hollis Delicatessen Corp.*, No. 22 Civ. 5476, 2024 WL 4107258, at *1 (E.D.N.Y. Sept. 6, 2024) (sufficient harm to support NYLL wage notice claim where "plaintiff allege[d] that the defendants were able to hide their violations of wage and hour laws and take advantage of Plaintiff's relative lack of sophistication by failing to provide her with wage information").

Under NYLL § 198(1-b), an employee must be provided with a wage notice "within ten business days of his or her first day of employment," otherwise the employee "may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." A wage notice must contain, among other information, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances." *Id.* §195(1)(a). Plaintiff alleges that Defendants "failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay. . . and anything otherwise required by law."

The Complaint adequately alleges a claim under the NYLL for failure to provide accurate wage statements. Under NYLL § 198(1-d), "[i]f any employee is not provided a statement or statements as required by [NYLL § 195(3)], he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." A wage statement must contain, among other information, "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages." *Id.* § 195(3). Plaintiff sufficiently alleges that Defendants "never provided Plaintiff with any accurate wage statement or other statement accounting for her actual hours worked, or setting forth the rate of pay for all of her hours worked."

Default judgment is granted on Plaintiff's FLSA overtime claim and NYLL claims for failure to provide a wage notice and accurate wage statements. Default judgment is denied as to Plaintiff's FLSA minimum wage violation claim.

Plaintiff's motion for default judgment is **GRANTED in part** and **DENIED in part**. **So Ordered.** The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.

Dated: January 30, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE