```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/15/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Garcia,<br><br>                                     **Plaintiff,**<br><br>-against-<br><br>Ray's Smoothies Inc., et al.,<br><br>                                     **Defendants.** | 1:24-cv-02234 (LGS) (SDA)<br><br>**ORDER** |

WHEREAS, on July 24, 2024, Plaintiff filed a motion for a default judgment (Pl.'s Not. of Mot., ECF No. 27); and

WHEREAS, Plaintiff filed with the foregoing motion an attorney affirmation that referenced three exhibits, *i.e.*, Exhibit A, Exhibit 1 (damages spreadsheet-chart) and Exhibit 2 (billing records) (Stillman 7/24/24 Aff., ECF No. 27-2, ¶¶ 9, 24, 35, 38 & 47); and

WHEREAS, no exhibits were filed to the ECF docket as part of Plaintiff's default judgment motion; and

WHEREAS, on January 30, 2025, the Court granted Plaintiff's motion for a default judgment on Plaintiff's FLSA overtime claim and NYLL claims for failure to provide a wage notice and accurate wage statements, but denied the motion as to Plaintiff's FLSA minimum wage violation claim, and referred this case to the undersigned for a damages inquest with respect to the claims for which a default judgment was granted (1/30/25 Order, ECF No. 33, at PDF pp. 1-3);

WHEREAS, on January 31, 2025, the undersigned issued an Order requiring Plaintiff, no later than February 14, 2025, Plaintiff to (1) file (and email) a damages spreadsheet reflecting a calculation of the amount of damages due to Plaintiff on her FLSA overtime claim; (2) file

contemporaneous billing records reflecting the hours spent on this case and the hourly rate charged; and (3) a letter brief addressing whether Plaintiff contends she may recover on her FLSA overtime claim both liquidated damages and prejudgment interest and, if so, the legal basis for her contention (1/31/25 Order, ECF No. 34); and

WHEREAS, on February 14, 2025, Plaintiff filed a letter brief in which she "acknowledge[d] that under the FLSA, she may not recover both liquidated damages and prejudgment interest," but also stated that "to the extent Plaintiff also asserts claims under the NYLL, she may seek prejudgment interest on her state law claims in addition to liquidated damages" (Pl.'s 2/14/25 Ltr., ECF No. 35); and

WHEREAS, the Court's January 30 Order did not grant Plaintiff a default judgment on her NYLL overtime claim, and was silent as to such claim (*see* 1/30/25 Order at PDF p. 2 ("The Complaint adequately alleges a FLSA overtime claim."); *id*. at PDF p. 3 ("Default judgment is granted on Plaintiff's FLSA overtime claim and NYLL claims for failure to provide a wage notice and accurate wage statements."); and

WHEREAS, on February 14, 2025, Plaintiff also filed (and emailed to the Court) a damages spreadsheet (Pl.'s 2/14/25 Spreadsheet, ECF No. 35-1), which did not comport with the Court's January 31, 2025 Order, requiring that such spreadsheet "reflect[] a calculation of the amount of damages due to Plaintiff on her FLSA overtime claim" (*see* 1/31/25 Order ¶ 1), since the spreadsheet also included a calculation of damages on Plaintiff's minimum wage claim (*see* Pl.'s 2/14/25 Spreadsheet), even though Plaintiff's motion for a default judgment as to the minimum wage claim previously had been denied (*see* 1/30/25 Order at PDF p. 3); and

WHEREAS, Plaintiff failed to file, as required by the January 31, 2025 Order (*see* 1/31/25 Order ¶ 2), contemporaneous billing records reflecting the hours spent on this case and the hourly rate charged.

NOW, THEREFORE, it is hereby ORDERED that, no later than February 21, 2025, Plaintiff shall:

1. File a letter to the ECF docket stating (a) whether Plaintiff intends to seek judgment on her NYLL overtime claim (so as to plausibly entitle her to prejudgment interest in addition to liquidated damages), and how and when she intends to seek such relief, and (b) if not, whether Plaintiff would like the undersigned to recommend an award of prejudgment interest or, instead, would like the undersigned to recommend an award of liquidated damages.

2. File to the ECF docket a damages spreadsheet reflecting a calculation of the amount of damages due to Plaintiff **solely** on her FLSA overtime claim (and removing any calculation regarding Plaintiff's minimum wage claim), and also email a native version of the spreadsheet to Aaron_NYSDChambers@nysd.uscourts.gov.

3. If Plaintiff still intends to seek recovery of attorneys' fees as set forth in her attorney's prior affirmation (*see* Stillman 7/24/24 Aff. ¶ 47), file to the ECF docket, as required by the undersigned's prior Order, contemporaneous billing records reflecting the hours spent on this case and the hourly rate charged.[1] If such records are not timely

---

[1] In addition, if Plaintiff is seeking to recover any costs or expenses, she shall file proof of each item of such costs and expenses. The Court notes that the paragraph of Plaintiff's attorney's prior affirmation regarding any such expenses fails to list any. (*See* Stillman 7/24/24 Aff. ¶ 48 (nothing listed after colon).)

filed, the Court will deem Plaintiff's request for attorneys' fees (and costs) to be abandoned.

No later than February 25, 2025, Plaintiff shall serve by mail upon Defendants the filings set forth above, the filings made by Plaintiff on February 14 (ECF No. 35), the Orders entered at ECF Nos. 33 and 34 and this Order, and file proof of such service to the ECF docket. No later than March 14, 2025, Defendants shall send to Plaintiff's counsel and file with the Court their response, if any, to Plaintiff's submissions.

The undersigned hereby notifies the parties that he intends to conduct the inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must advise the Court promptly why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

**SO ORDERED**.

Dated:   New York, New York
         February 15, 2025

_____
**STEWART D. AARON**
**United States Magistrate Judge**

4